UNITED STATES DISTRICT COURT

FOR THE

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JUSTIN ROBERT SWIRE** | § | |
| | § | CIVIL ACTION NO: |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | |
| **KZRV, L.P., AND** | § | |
| **GAUTHIERS' R.V. CENTER, INC.** | § | |
| | § | |
| *Defendants* | § | **JURY TRIAL REQUESTED** |
| | § | |

**COMPLAINT**

**I.   Parties**

1.     Plaintiff, **JUSTIN ROBERT SWIRE**, now and has been at all times material hereto resident of the State of Louisiana.

2.     Defendant, **KZRV, L.P.**, hereinafter "KZRV", is a company authorized to do and doing business in the State of Louisiana whose principal business establishment is located at 5615 Corporate Boulevard, Suite 400B, Baton Rouge, LA 70808 and whose agent for service of process is CT Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, LA 70808.

3.     Defendant, **GAUTHIERS' R.V. CENTER, INC.**, hereinafter "GAUTHIERS' R.V.", is a company authorized to do and doing business in the State of Louisiana whose agent for service of process is James B. Gauthier, Jr., 412 Doyle Drive, Lafayette, LA 70508.

**II.   Jurisdiction**

4.     This Court has federal question jurisdiction over the lawsuit under the Magnuson-

Moss Warranty Act pursuant to 15 USC § 2310(d); and 28 USC § 1331 in that this dispute involves predominant issues of federal law. Declaratory relief is available pursuant to 28 USC §§ 2201 and 2202. The court has supplemental jurisdiction under 28 USC § 1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

### III.  Venue

5.     Venue is proper in this district under 28 U.S.C. §1391(a)(3) because Defendant, KZRV, principal business establishment in Louisiana is located at 5615 Corporate Boulevard, Suite 400B, Baton Rouge, LA 70808 and therefore subject to personal jurisdiction in this district.

### IV. Conditions Precedent

6.     All conditions precedents have been performed or have occurred.

### V.    Facts

#### A.  The Transaction

7.     On February 2, 2014, Plaintiff purchased a new 2014 KZRV SPREE MODEL 328 IK  bearing VIN 4EZTP3224E8020011, hereinafter "SPREE," from GAUTHIERS' R.V.. The SPREE was purchased primarily for Plaintiff's personal use.  The sales contract was presented to Plaintiff at the dealership and was executed at the dealership.

8.     The sales price of the SPREE was $58,383.11, including finance charges. The total damages to Plaintiff will be over $75,000.00.

#### B.   Implied Warranties

9.     As a result of the sale of the SPREE by Defendants to Plaintiff, an implied warranty of merchantability arose in the transaction which included the guarantee that the SPREE would pass

without objection in the trade under the contract description; and that the SPREE was fit for the ordinary purpose for which such motor vehicles are purchased.

10. Subsequent to the sale, an implied warranty arose in connection with the repairs performed by the Defendants. Specifically, the Defendants impliedly warranted that the repair work had been performed in a good and workmanlike manner.

### C. Express Warranties

11. In addition to the implied warranties that arose in the transaction, certain representations and express warranties were made, including, that any malfunction in the SPREE occurring during a specified warranty period resulting from defects in material or workmanship would be repaired, and that repair work on the SPREE had, in fact, repaired the defects.

12. Plaintiff's purchase of the SPREE was accompanied by express warranties offered by Defendant, KZRV, and extending to Plaintiff. These warranties were part of the basis of the bargain of Plaintiff's contract for purchase of the SPREE.

13. The basic warranty covered any repairs or replacements needed during the warranty period due to defects in factory materials or workmanship. Any required adjustments would also be made during the basic coverage period. All warranty repairs and adjustments, including parts and labor, were to be made at no charge. Additional warranties were set forth in the KZRV's warranty booklet and owners manual.

### D. Actionable Conduct

14. In fact, when delivered, the SPREE was defective in materials and workmanship, with such defects being discovered within the warranty periods. Many defective conditions have occurred since purchase, including, but not limited to, electrical issues causing fuses to keep blowing and

causing the A/C; slide-outs; microwave and refrigerator; and other electrical components not to work making the SPREE unusable.

15. Since purchase, Plaintiff have returned his SPREE to Defendants and authorized warranty service dealers for repairs on numerous occasions. Despite this prolonged period during which Defendants were given the opportunity to repair the SPREE, the more significant and dangerous conditions were not repaired. Defendants failed to repair the vehicle so as to bring it into conformity with the warranties set forth herein. From the date of its purchase, the SPREE continues to this day to exhibit some or all of the non-conformities described herein.

16. The defects experienced by Plaintiff with the SPREE substantially impaired its use, value and safety.

17. Plaintiff directly notified all Defendants and each of him of the defective conditions of the SPREE on numerous occasions. Plaintiff notified Defendants that they wanted a rescission of the sale of the SPREE but Defendants have failed and refused to buy back Plaintiff' defective SPREE.

**COUNT 1: VIOLATIONS OF THE LOUISIANA REDHIBITION LAWS**

18. Plaintiff re-alleges and incorporates by reference herein each and every allegation set forth in the preceding paragraphs.

19. The SPREE is a "thing" under La. Civil Code Articles 2520, et seq.

20. KZRV is a "manufacturer" under La. Civil Code Articles 2520, et seq.

21. GAUTHIERS' R.V. is a "seller" under La. Civil Code Articles 2520, et seq.

22. Plaintiff is a "buyer" under in La. Civil Code Articles 2520, et seq.

23. The defects described in the SPREE vehicle meet the definition of a redhibitory defect

as defined in La. Civil Code Articles 2520, et seq.

24. Plaintiff has provided the Defendants sufficient opportunity to repair his defective vehicle.

25. Plaintiff has performed each and every duty required of him under Louisiana Redhibition Laws, except as may have been excused or prevented by the conduct of the Defendants, as herein alleged.

26. The hidden defects in the SPREE existed at the time of sale, but were not discovered until after delivery. The SPREE is not usable and neither Plaintiff nor a reasonable prudent buyer would have purchased the SPREE had they known of the defects prior to the sale.

27. Furthermore, Defendants failed to perform the repair work in a good and workmanlike manner. This conduct by Defendants constitute a breach of the implied warranties under Louisiana law, and entitles Plaintiff to a rescission of the sale, return of the purchase price, plus all collateral costs of the sale, finance charges, insurance premiums, and out of pocket expenses.

28. Under Louisiana Redhibition laws, Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiff prevails. As a proximate result of Defendants' misconduct as alleged herein, and in an effort to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

**COUNT 2: VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

29. Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

30. Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter "Warranty Act"), 15 U.S.C. § 2301(3).

31. Defendants, KZRV, is a "supplier" and "warrantor" as defined in the Warranty Act, 15 U.S.C. § 2310(4) and (5).

32. The SPREE is a "consumer product" as defined in the Warranty Act, 15 U.S.C. § 2301(l), because it is normally used for personal purposes and Plaintiff in fact purchased it wholly or primarily for personal use.

33. The express warranties pertaining to the SPREE are a "written warranty" as defined in the Warranty Act, 15 U.S.C. § 2301(6).

34. The actions of Defendants in failing to tender the SPREE to Plaintiff free of defects and refusing to repair or replace the defective SPREE constitutes a breach of the written and implied warranties and hence a violation of the Magnuson-Moss Warranty Act.

35. Plaintiff has performed all things agreed to and required of his under the sales contract and warranty terms, except as may have been excused or prevented by the conduct of Defendants as herein alleged.

36. As a direct and proximate result of the acts and omissions of Defendants and each of him as set forth herein above, Plaintiff has been damaged in an amount in excess of $50,000.00 according to proof at trial.

37. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiff prevails. As a proximate result of Defendants' misconduct as alleged herein, and in an effort to protect his rights and to enforce the terms of the agreement as more particularly set

forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

### COUNT 3: NEGLIGENT REPAIR

38. Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth in the preceding paragraphs. For purposes of this cause of action, the word "Defendants" refers to KZRV and .

39. On numerous occasions after the sale, Plaintiff delivered the SPREE to Defendants for repairs of the defective conditions covered under the express and implied warranties set forth herein above.

40. On each such occasion, Plaintiff is informed and believe, and thereupon allege, that Defendants attempted the repairs of the SPREE pursuant to his obligations under the express and implied warranties. Defendants owed a duty of care to Plaintiff to perform those repairs on the SPREE in a good and workmanlike manner within a reasonable time. The Defendants breached this duty to Plaintiff.

41. Defendants' attempted repairs of Plaintiff's SPREE were done so negligently, carelessly, and recklessly as to substantially impair the SPREE 's use, value, and safety in its operation and use. At no time was any repair attempt on Plaintiff's SPREE fully and completely repaired by the Defendants, nor were many of the defective conditions fixed or significantly improved by the Defendants' repair attempts. Nonetheless, each time Plaintiff picked up the vehicle after the Defendants' repair attempts, Defendants represented to Plaintiff that the repairs were complete, and Plaintiff relied upon these statements by the Defendants.

42. As a direct and proximate result of Defendant's negligent failure to repair the SPREE

within a reasonable time or within a reasonable number of attempts, Plaintiff were unable to use his SPREE for weeks at a time.  As a further direct and proximate result of Defendants' failure to repair the SPREE in a timely and workmanlike fashion, Plaintiff were forced repeatedly to take the SPREE in for further repair attempts and to leave the SPREE for periods of time at great inconvenience to Plaintiff.

43. The damages Plaintiff has suffered as a direct and proximate result of Defendants' negligence exceed $75,000.00.

## VI.    Damages

44. The conduct described above has been and is a producing and proximate cause of damages to Plaintiff.

45. Plaintiff's damages include rescission of the sale including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, damages, together with applicable penalties and attorney fees allowed by law, and with legal interest upon the entire sums awarded from the date of judicial demand, until paid, and for all costs of these proceedings.

46. The damages Plaintiff has suffered as a direct and proximate result of Defendants' actions exceed $75,000.00.

## VII.    Request for Rescission

47. Plaintiff seeks the remedy of rescission of the sales contract.

48. Plaintiff revokes his acceptance of the SPREE for the reason that its defects substantially impair its use, value, and safety to Plaintiff and the acceptance was based on Plaintiff' reasonable reliance on the false representations and warranties of the Defendants that the defects in

the SPREE would be repaired, and no reasonable prudent buyer would have purchased the SPREE with knowledge of these defects prior to the sale. Accordingly, Plaintiff seek a cancellation of the sales contract and an order of the court restoring to him the money obtained by Defendants as a result of the false representations and breaches of express and implied warranties as set forth above. Plaintiff also seek cancellation of the debt and offers to return the SPREE to the Defendants.

## VIII.   Attorney Fees and Costs

49. Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiff prevails. As a proximate result of Defendants' misconduct as alleged herein, and in an effort to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

## IX.   Prayer for Relief

50. For these reasons, Plaintiff pray for judgment against the Defendants for the following:

    a.    For general, special and actual damages according to proof at trial;

    b    Rescinding the sale of the 2014 KZRV SPREE MODEL 328 IK VIN 4EZTP3224E8020011 and returning to Plaintiff the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

    c.    For incidental and consequential damages according to proof at trial;

    d.    Out of pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges;

    e.    Any diminution in value of the SPREE attributable to the defects;

  f. Past and future economic losses;

  g. Prejudgment and post-judgment interest;

  h. Attorney fees;

  I. Costs of suit, expert fees and litigation expenses; and

  j. All other relief this Honorable Court deems appropriate.

## X. Demand for Jury Trial

51. Plaintiff hereby demands trial by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED:

BY: /s/ *Richard C. Dalton*
Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
1343 West Causeway Approach
Mandeville, Louisiana 70471
E-mail: rdalton746@aol.com
Tel. (985) 778-2215
Fax: (985) 778-2233

ATTORNEY FOR PLAINTIFF